Sheehan & Associates, P.C.                          505 Northern Blvd Ste 311, Great Neck NY 11021-5101
spencer@spencersheehan.com                      tel. 516.303.0552       fax 516.234.7800

June 10, 2020

District Judge Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                                                       Re:   1:19-cv-08975-PGG
                                                               Parham et al. v Aldi Inc.

Dear District Judge Gardephe:

       This office, with co-counsel Reese LLP, represents the Plaintiff. On Wednesday, June 3, 2020, Defendant filed a letter seeking a pre-motion conference for filing a motion to dismiss the complaint. ECF No. 24. In accordance with your Honor's Individual Motion Practices ("Individual Rules"), Plaintiff opposes Defendant's request.

       ***Plaintiff's Claims Are Not Preempted.*** Defendant states Plaintiff's claims are preempted because "Plaintiff . . . is misusing the GBL to privately enforce the FDCA." ECF No. 24. The "express preemption" provision of the Nutrition Labeling and Education Act of 1990, Pub. L. No. 101–535, 104 Stat. 2353 (the "NLEA"), at 21 U.S.C. § 343-1(a) only applies to state laws which impose requirements different from FDA regulations. "New York . . . broadly prohibits the misbranding of food in language largely identical to that found in the [Food, Drug, and Cosmetic Act]." *Ackerman v. Coca-Cola Co.*, No. 09-cv-00395, 2013 WL 7044866, at *6, (E.D.N.Y. July 18, 2013). First, Plaintiff's claims are based on conduct that is misleading, independently of any statute or regulation. Second, because federal and state regulations about defendant's labeling are identical and because the actions sought by plaintiff – accurate flavor labeling – would not cause defendant's representations to be inconsistent with any law – there are no preemption issues.

       Defendant also argues that New York's Agriculture and Markets Law "fails to provide individuals like Plaintiff a private right of action." ECF No. 24. This is inaccurate. *See Warner v. StarKist Co.*, 2019 WL 1332573, No. 18-cv-406 (N.D.N.Y. May 25, 2019) (New York's Agriculture and Markets Law confers a right of action upon an ultimate purchaser against the person who originally prepared for market and sold the containers with false labels or statements of their contents) (quoting *Abounader v. Strohmeyer & Arpe Co.*, 243 N.Y. 458, 463 (1926)).

       ***Plaintiff Seeks Relief Because the Representations Are Misleading.*** Defendant argues it is permitted to violate the regulations designed to prevent consumer deception because of its belief these issues are not material for reasonable consumers.

       In determining whether conduct is misleading "context is crucial." *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir.1995) (magazine sweepstakes mailer was not deceptive where "promotions expressly and repeatedly state the conditions which must be met in order to win" and such disclaimer "appears immediately next to the representations it qualifies"). Courts within this state have consistently held that "issues of deceptiveness and good faith are not resolved as a matter of law," especially where the ability to learn of the alleged deception is not even capable of being discovered by consumers, and instead requires an advanced chemistry lab. *Broder v. MBNA Corp.*, 281 A.D.2d 369, 371, 722 N.Y.S.2d 524 (1st Dep't 2001) (credit card agreement where the disclaimer was

present "in the small print footnote to the solicitation offer" is insufficient to defeat a claim of deception).

*Defendant* contends that the Product is not deceptively labeled because the Product contains at least some real vanilla. ECF No. 24. This misconstrues Plaintiff's argument. Plaintiff's contention is that the Product is misleading because, though it may contain *some* real vanilla, artificial flavors that "resemble and enhance" vanilla predominate, which defendant fails to disclose. ECF No. 28 ¶ 4, 74, 84-85. *See Izquierdo v. Panera Bread Co.*, No. 18-cv-12127 (S.D.N.Y. Mar. 30, 2020) ("It is materially misleading to suggest a product contains a greater proportion of a preferred ingredient than it actually does, even where there is a visible ingredients list that states the correct composition of the food.").

***Defendant Fails to Dispute the Product Contains Artificial Flavors.*** Plaintiff contends that the Product is deceptive because it contains artificial flavors that are not represented on either the front label *or* the ingredient list. ECF No. 28 ¶ 82-85. *See Branca v. Bai Brands Ltd. Liab. Co.*, No. 3:18-cv-00757, 2019 U.S. Dist. LEXIS 37105 (S.D. Cal. Mar. 7, 2019) (refusing to dismiss case where plaintiff contended malic acid should designate a beverage as "artificially flavored."). Defendant ignores this contention in their letter to the Court. *See NML Capital Ltd. v. Republic of Argentina*, No. 05-cv-2434, 2009 WL 1528535, at *1 (S.D.N.Y. May 29, 2009) (holding that defendant waived an argument by failing to raise it in its opposition to plaintiffs' motion). This provides an additional basis upon which to find Defendant's labeling to be misleading and deceptive.

Further, Plaintiff contends, and Defendant does not dispute that the Product's ingredient list is incorrect. ECF No. 28 ¶ 83 ("Because the Product contains vanilla *and* vanillin, its ingredient list is required to state 'contains vanillin, an artificial flavor (or flavoring)' with the front label informing consumers it is 'artificially flavored.'" (emphasis in the original). Thus, Defendant's reliance upon *Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018) is misplaced. "In *Davis*, the court held that the ingredient list clarified any misunderstanding caused by the challenged front-of-pack statements." ECF No. 24. There can be no clarification of a misunderstanding where the source of the clarification is itself deceptive.

***Plaintiff has Standing to Seek Injunctive Relief.*** Defendant opposes Plaintiff's request for injunctive relief to correct the challenged representations because Plaintiff is now aware of the alleged misrepresentations and is not in danger of being deceived again. ECF No. 24. However, Defendant's argument ignores that "an injunction in connection with a class action is designed to afford protection of *future consumers* from the same fraud. It does this by permitting the plaintiff to sue on their behalf." *Belfiore v. Procter & Gamble Co.*, F.Supp.3d 440, 445 (E.D.N.Y. 2014) (emphasis added). To hold otherwise "denigrate[s] the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated." *Id.*

***Fraud Claims are Properly Pled.*** Plaintiff's fraud claims are sufficient because the FAC states that the Product does not contain a sufficient amount of real vanilla to be labeled "Vanilla" on the front label. ECF No. 28 ¶ 29, 45 (citing 21 C.F.R. § 101.22(i)(1) for labeling requirement where a food contains no simulating natural or artificial flavors); ¶ 152-53.

To state a claim for common law fraud under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which

2

the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 402 (2d Cir. 2015). Plaintiff thus sufficiently alleges that Defendant knew or should have known that the front label of the Product inaccurately identified the Product's composition. ECF No. 28 ¶ 154.

*__Negligent Misrepresentation Claims Are Sufficient.__*  Defendant claims Plaintiff's negligent misrepresentation claims fail because of the economic loss doctrine. ECF No. 24. However, an allegation of negligent misrepresentation may still succeeds if the plaintiff "emphatically" alleges (1) the person making the representation held or appeared to hold unique or special expertise and (2) the speaker was aware of the use to which the information would be put and supplied it for that purpose. *Greene v. Gerber Products Co.*, 262 F. Supp 3d 38, 75 (E.D.N.Y. 2017) (citing *Eternity Glob. Master Fund. Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 188 (2d Cir. 2004). Here the Plaintiff adequately alleges that Defendant held unique and special expertise as pertains to the ingredients profile and labeling of the Product and as pertains to its status as a respected brand in the industry.  ECF No. 28 ¶¶ 132-140.

*__Express and Implied Warranty Claims are Sufficient.__*  To state a claim for breach of an express warranty under New York Law, a plaintiff must allege (1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach. *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F.Supp 3d 467, 482 (S.D.N.Y. 2014) (citing *Avola v. La.-Pac. Corp.,* No. 11 CV 4053, 2013 WL 4647535, at *6 (E.D.N.Y. Aug. 28, 2013). The complaint covers the existence of a warranty, reliance, breach of said warranty and injury. ECF No. 28 ¶ 141-150.

Defendant's argument with respect to the lack of pre-suit notice also fails because New York Courts have created an exception to the notice requirement for retail customers. *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept.28, 2000); See also *Fischer v. Mead Johnson Labs.*, 41 A.D.2d 737, 737, 341 N.Y.S.2d 257 (1st Dep't. 1973) (overturning the Special Term and holding "the prescription of timely notice under the code provisions is to be applied, if at all, differently in commercial and retail sales situations.").

*__Unjust Enrichment.__*  Whether plaintiff's unjust enrichment claims are duplicative can only be ascertained in the event of a decision from this Court on the common law and statutory claims. There may be a circumstance where the allegations fail to fit within one of the specific state law claims yet suffice to state a claim for unjust enrichment.  Therefore, dismissal of the unjust enrichment claims is premature.

*__Defendant's Reliance on Extraneous Exhibits is Procedurally Misplaced, Out of Context and Supports Plaintiff's Position.__*  Defendant attaches an '"Exhibit 1" to its pre-motion letter. This exhibit is written by a "Food and Drug Administration regulator" and is contained in "an article that the Amended Complaint cites." ECF No. 24. Defendant presumably found this exhibit through Plaintiff's Exhibit C, an article from *Perfume & Flavorist* magazine. The portion of that article that discusses Defendant's exhibit quotes only the FDA opinion that "the product of a secondary extraction should be labeled 'by a truthful, descriptive term such as extractives from spent vanilla beans." ECF No. 28, Exhibit C, p. 14.

  The article further quotes from Defendant's exhibit stating, "FDA also noted that under certain limited circumstances a flavoring containing vanilla extract and the flavoring constituents from secondary extraction could be labeled as 'vanilla WONF' provided that consumers would not be led to conclude that the flavoring was a 'standardized vanilla extract.'" *Id*. Plaintiff has not alleged that defendant's "Natural Flavor" ingredient contains vanilla extract and secondary extractives from vanilla beans, rendering this letter inapplicable.

  Defendant's exhibit has been improperly attached to a motion to dismiss and should not be considered by this Court without converting the motion to dismiss to one for summary judgment. *See Chambers v. Time Warner Inc.*, 282 F.3d 147, 155 (2d Cir. 2002) ("Consideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2)); *Id*. at 153 ("[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough"); *see also Cortec Industries, Inc. v. Sum Holding LP*, 949 F. 2d 42, 47 (2d Cir. 1991) (Rule 12(b)(6) states that when matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment, giving all parties a reasonable opportunity to present pertinent material under Fed. R. Civ. P. 56) (quotations omitted). Plaintiff did not rely upon the document, which was cited in a footnote to the Hallagan and Drake article, and therefore it is not properly before the Court at this time.

  Even if the Court were to take notice of this exhibit, Defendant cites it only for the proposition, "We know of no instance where the terms 'vanilla' or vanilla flavor' are specifically defined. By common usage, like 'chocolate' and 'chocolate flavor,' these have become broad generic terms to describe a flavor." Exhibit 1, ECF. No. 24. This quotation is provided devoid of context. The letter responds to a question "concerning a product obtained by the secondary extraction of vanilla beans" and whether "such a product be labeled as 'vanilla flavor?'" Exhibit 1, ECF No. 24. The response begins, "We believe the product may be labeled as 'vanilla flavor'" and concludes that the product addressed in the letter should "be labeled by a truthful, descriptive term, such as 'extractives from spent vanilla beans.'"

  Nowhere in this letter does the letter support what Defendant seems to believe they contend: that Defendant may misleadingly label their Product solely "Vanilla" without qualification that it contains artificial vanilla flavor. In fact, the letter stands for the opposite proposition and one stated in the FAC: that the front label designation of "Vanilla" should be qualified by "artificially flavored." ECF No. 28 ¶ 46 ("Consumers . . . are accustomed to seeing labels with terms such as 'flavored,' 'artificial flavors,' and 'with other natural flavors'"); ¶ 83 (Front label should inform consumers Product "is 'artificially flavored.'").

  Thank you for your attention to this matter.

Respectfully submitted,

 /s/Spencer Sheehan   
Spencer Sheehan

Certificate of Service

I certify that on June 10, 2020, I served or emailed the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan