UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC PARHAM, individually and on behalf
of all others similarly situated,

                Plaintiff,

    - against -

ALDI INC.,

                Defendant.

**AMENDED CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING ORDER**

19 Civ. 8975 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. All parties **do not** consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2. This case **is** to be tried to a jury.

3. No additional parties may be joined except with leave of the Court.  Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

4. A party may not amend its pleadings except with leave of the Court.  Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

5. The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 14 days from the date of this Order.

6. The parties must complete <u>fact</u> discovery no later than **November 30, 2020**.

7. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6.  Under this Order's interim deadlines, the parties must:

    a. Serve initial requests for production of documents by **July 27, 2020**.

    b. Serve interrogatories by **July 27, 2020**.

    c.    Complete depositions of fact witnesses by **November 30, 2020**.

        i.    Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

        iv.    Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

    d.    Serve requests to admit no later than **October 23, 2020**.

8.    The parties must complete <u>expert</u> discovery no later than **January 18, 2021**.

    a.    Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **November 30, 2020**. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **December 21, 2020**.

    b.    No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph 8(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8.

    c.    Plaintiff(s) anticipate expert testimony concerning the following issue(s): **Damages, consumer expectations, and flavoring ingredients.**

    d.    Defendant(s) anticipate expert testimony concerning the following issue(s): **Flavoring ingredients, marketing and a lack of consumer confusion, damages modeling.**

9. No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

10. Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by **January 28, 2021**. Opposition letters are due **February 4, 2021**.

11. Within 7 days following the completion of expert discovery, the parties shall meet and confer and submit a proposed briefing schedule for Plaintiff's motion for class certification pursuant to Fed. R. Civ. P. 23.

12. Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

13. Counsel for the parties have conferred and their present best estimate of the length of trial is: **10 days**.

14. At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a <u>Ready Trial Date</u>. At any time on or after the <u>Ready Trial Date</u>, the Court may call the parties to trial upon <u>48 hours' notice</u>. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come <u>before</u> the Court notifies counsel of an <u>actual trial date</u>, <u>not after</u> counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

15. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

16. The next pretrial conference is scheduled for **December 3, 2020 at 10:30 a.m.**

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York
July 14, 2020

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge